IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  07-cr-00073-LTB


UNITED STATES OF AMERICA,

          Plaintiff,

v.

CHARLES MARTINEZ,

          Defendant.

_____

ORDER
_____

          This matter is before me on two post-conviction motions filed by Defendant, Charles

Martinez, in which he seeks return of property.  Specifically, Defendant's Motion for Return of

Property Pursuant to Federal Rules of Criminal Procedure Rule 41, filed on June 29, 2009 [**Doc

#23**], and an Amendment to Defendant's Motion for Return of Property Pursuant to Federal

Rules of Criminal Procedure Rule 41, filed on August 25, 2009.  [**Doc # 27**]  Following my order

to respond, the Government filed a Combined Response to Defendant's *Pro Se* Motions on June

9, 2010.  [**Doc # 37**]

          In his motions, Defendant asserts that he was arrested on September  26, 2006, and that at

that time, several items, including cash and his vehicle, were collected as evidence from his

person, the vehicle, and the residence where he was arrested.  In his motions, Defendant

maintains that contrary to the requirement in Fed. R. Crim. P. 41,  he was not provided a receipt

or written inventory of the property seized.   Defendant asserts that none of the property

collected was used as evidence against him.  Thus, he requests that I order that his property be

returned to him, or that he be compensated for the items taken.

In response, the Government asserts that Task Force Officer Mark Woodward investigated the matter and, as a result, it "believes that the property seized from the Defendant at the time of his arrest still exists in the custody of law enforcement." The Government indicates that it has no objection to the return of that property to the Defendant or his designee. However, the Government further indicated that "with respect to the money recovered from the Defendant at the time of his arrest: this may more appropriately be directed and applied to restitution due and owing, if any."

A motion for return of property is governed by Rule 41(g) of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A motion for return of property pursuant to Fed. R. Crim. P. 41(g) is regarded as an equitable civil proceeding, and a court hearing such a motion has the discretion afforded courts in all equitable proceedings. *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001).

When a claimant seeks return of property after criminal proceedings have terminated, the burden lies with the Government to show that it is entitled to the property. *Id.* (*quoting United States v. Chambers*, 192 F.3d 374, 377 (3d Cir.1999)). The person from whom the property was seized is presumed to have a right to its return, and the Government must demonstrate that it has a legitimate reason to retain the property. The Government may meet this burden by

demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant. *Id.* (citations and quotations omitted). A claimant "must prove only a right to lawful possession of the property and an equitable right to its return," but that right requires that the owner of the property has clean hands. Thus, it would be inequitable to return to a criminal the fruits of his crimes. *U.S. v. Clymore, supra,* 245 F.3d at 1200.

Here, the Government does not object to the return of the property seized except only to "note" – without citation or supporting argument – that the money seized "may more appropriately be directed and applied to the restitution due and owing, if any." The Government does not assert that the funds do not belong to Defendant, or that the funds constituted the fruits of Defendant's crimes, nor does it claim that it is entitled to the property. As such, I conclude that the Government has failed to meet its burden to demonstrate that it has a legitimate reason to retain the property. *See generally United States v. Dominguez-Calderon,* 2010 WL 1424335 (D. Kan. April 5, 2010)(slip opinion).

ACCORDINGLY, for the foregoing reasons, I GRANT Defendant's Motion for Return of Property Pursuant to Federal Rules of Criminal Procedure Rule 41 [**Doc #23**] and his related Amendment to Defendant's Motion for Return of Property Pursuant to Federal Rules of Criminal Procedure Rule 41. [**Doc # 27**]. As a result, I ORDER that the property seized from Defendant

appurtenant to and as part of his arrest on September 26, 2006, shall be returned to his designee with 30 days following receipt of Defendant's sworn designation.

Dated: June __16__, 2010 in Denver, Colorado.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE